JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HAMILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. WHITE, et al.,<br><br>        Defendants. | Case No. ED CV 09-2213 PA (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

      The Court vacates the reference of this action to the Magistrate Judge and dismisses the action with prejudice for failure to prosecute and for failure of a pro se litigant to update his address with the Court.

\* \* \*

      This is a pro se civil rights action. Plaintiff formerly was an inmate at the state prison at Blythe, California. Plaintiff contended that correctional officers improperly used pepper spray against him in his cell.

      After the complaint was served on several of the officers and after a period of pretrial discovery, the officers moved for summary judgment. Magistrate Judge Wilner issued a Report and Recommendation finding that Plaintiff had not

demonstrated that there was a genuine issue of material fact as to any of the defendants. (Docket # 78.) The Court accepted the recommendation and entered summary judgment in favor of the defense. (Docket # 81, 82.)

Plaintiff appealed the decision. The Ninth Circuit issued a decision affirming the majority of the Court's summary judgment ruling. (Docket # 91.) However, as to one of the named defendants, the appellate court concluded that a decision it issued after the Court entered judgment (Furnace v. Sullivan, 705 F.3d 1021 (9th Cir. 2013)) was "pertinent" to the evaluation of Plaintiff's claims. (Id. at 4.) Because the Court "did not have the benefit of Furnace when it granted summary judgment" as to this defendant, the Ninth Circuit remanded the case "to allow the court to reconsider this claim." (Id.)

Upon remand, Judge Wilner issued an order to solicit the parties' views regarding the applicability of Furnace to Plaintiff's action. (Docket # 92.) However, Judge Wilner observed that the Court did not have an accurate mailing address for Plaintiff (he had been released from prison on parole, and mail from the Court had recently been returned as undeliverable). Judge Wilner directed the defense to obtain Plaintiff's address from the appropriate parole agency. (Id.) The defense lawyers subsequently provided the Court with two mailing addresses for Plaintiff. (Docket # 94.)

In early February 2015, Judge Wilner issued an order requiring Plaintiff to "immediately confirm in writing with the Court" that the Court had a correct mailing address for him. (Docket # 95.) The Court specifically sent the order to both of Plaintiff's reported addresses. The order informed Plaintiff of the terms of Local Rule 41-6. That rule requires a pro se litigant to update his mailing address or risk dismissal of the action for lack of prosecution. (Id.)

2

To date, Plaintiff has not responded to any of the Court's post-remand orders. Also, one copy of the most recent order (sent to a reported address in Downey) was returned by the post office as undeliverable. (Docket # 96.)

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal of the action is appropriate. Plaintiff failed to provide the Court with up-to-date contact information. As a result, numerous orders from this Court and the Ninth Circuit have been returned

3

1 as undeliverable. The magistrate judge and the defense took reasonable steps to
2 obtain current addresses for Plaintiff to give him notice of the upcoming
3 proceedings in his case. However, Plaintiff cannot be located at those addresses
4 and did not respond to any of the Court's recent orders. Plaintiff's failure to
5 update his address as required by Local Rule 41-6 demonstrates that he has no
6 interest in advancing the action here.

7     By contrast, the Court, the defense, and the public have a strong interest in
8 terminating this action. This is particularly true given that Plaintiff effectively
9 chose to abandon his case by failing to update this Court and the appellate court
10 with his current whereabouts. The Court finds that dismissal is appropriate under
11 Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a <u>pro se</u> (but
12 non-custodial) litigant who did not abide by the Court's recent order, no sanction
13 short of dismissal will be effective in moving this case forward. <u>Carey</u>, 856 F.2d at
14 1440.

15     Accordingly, for the above reasons, this action is DISMISSED with
16 prejudice. <u>See</u> Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as
17 an adjudication on the merits").

18     IT IS SO ORDERED.

20 Dated: March 20, 2015      _____
21                                 HON. PERCY ANDERSON
                                 UNITED STATES DISTRICT JUDGE
22 **JS-6**